[628 NYS2d 142]

In the Matter of BARBARA HOPPMANN (Admitted as BARBARA E. HOPPMANN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 22, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* and *David C.Y. Cheung* of counsel), for petitioner.

*Barbara Hoppmann,* Brooklyn, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with one allegation of professional misconduct. The Special Referee sustained the charge. The petitioner now moves to confirm the report of the Special Referee. The respondent has submitted an affirmation in opposition urging that the report not be confirmed or, if the report is confirmed, to decline to impose further discipline as requested by the petitioner on the ground that the conduct complained of did not evidence moral turpitude, criminal behavior, incompetence, or lack of integrity, as contemplated by the Disciplinary Rules and Ethical Considerations.

The respondent was charged with failure to cooperate with a legitimate investigation by the Grievance Committee into her alleged professional misconduct. By letter dated July 19, 1993, the Grievance Committee advised the respondent that it had received a complaint from Aileen Kevane alleging professional misconduct on her part. The letter directed the respondent to submit a written answer within 10 days.

In light of the respondent's failure to comply, the Grievance Committee sent the respondent a follow-up letter, dated August 24, 1993, via both certified and first class mail, again directing her to submit a written answer within 10 days. The respondent again failed to comply.

Between September 30, 1993 and October 15, 1993, Grievance Counsel made several telephone calls to the respondent's office with respect to the Kevane complaint. The respondent failed to return those calls.

By order to show cause dated November 17, 1993, the petitioner sought the respondent's interim suspension from the practice of law based on her failure to submit a written answer to the Kevane complaint.

On December 7, 1993, the Grievance Committee received a document from the respondent, dated August 6, 1993, purporting to be a written answer to the complaint.

Based on the aforesaid conduct, the respondent is charged with engaging in conduct prejudicial to the administration of justice and conduct that adversely reflects on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3).

Upon review of the evidence adduced, we find that the

Special Referee properly sustained the charge. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered that the respondent received Admonitions on May 12, 1992 and June 21, 1990, for failing to communicate with another attorney in relation to an estate which the respondent represented and for failing to cooperate with another legitimate investigation of the Grievance Committee. Additionally, the respondent was issued two Letters of Caution on June 21, 1990, for failing to communicate with two attorneys, notwithstanding repeated communications from those attorneys. Although this disciplinary proceeding involves only one charge of professional misconduct and although the respondent ultimately provided a written response to the subject complaint, the respondent's pattern of noncooperation and her prior disciplinary history warrant her suspension from practice for a period of one year.

SULLIVAN, J. P., BALLETTA, O'BRIEN, JOY and FRIEDMANN, JJ., concur:

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Barbara Hoppmann, is suspended from the practice of law for a period of one year, commencing June 28, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Barbara Hoppmann, is commanded to promptly desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law

before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.