[656 NYS2d 279]

In the Matter of BARBARA HOPPMANN (Admitted as BARBARA E. HOPPMANN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 7, 1997

APPEARANCES OF COUNSEL

*Robert H. Straus*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Jerome Karp*, Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with 13 allegations of professional misconduct. Special Referee Harwood sustained Charges One, Two, Three, Four, Five, Eight, Nine, and Ten of the original petition and Charge Two of the first supplemental petition. The Grievance Committee now moves to confirm the Special Referee's report to the extent that it sustained Charges One, Two, Three, Four, Five, Eight, Nine, and Ten of the original petition and Charge Two of the first supplemental petition and dismissed Charge Six of the original petition and Charge One of the second supplemental petition. The Grievance Committee also moves to disaffirm the report to the extent that it fails to sustain Charge Seven of the original petition and Charge One of the first supplemental petition. The respondent cross-moves to confirm the Special Referee's report in all respects *except* with respect to Charges Two, Three, and Nine of the original petition and Charge Two of the first supplemental petition, which, she contends, should be disaffirmed.

The original petition contains 10 charges which relate to the respondent's conduct in representing three different clients. The first five charges relate to the respondent's retainer by Gerardo Fischetti to represent the interests of Mr. Fischetti's late father, Feliciantonio Fischetti.

The respondent was retained by Gerardo Fischetti to represent his father's estate in or about November 1986. After opening an estate account, the respondent failed to take any action to pay the taxes owed by the estate. After receiving notices from the New York State Department of Taxation and Finance in March and April 1991 that the estate owed $32,686.01 in

estate taxes, interest, and penalties, Mr. Fischetti directed the respondent to resolve the matter immediately. After failing to take steps to resolve the matter, respondent assured Mr. Fischetti, on or about April 29, 1992, that she would provide him with answers to his numerous questions about the estate. Mr. Fischetti retained another attorney, John F. Grandinetti, to represent the estate.

By letter dated July 20, 1992, Mr. Grandinetti requested that the respondent contact him regarding the estate. The respondent failed to reply until October 27, 1992, when she promised to contact him after Election Day. The respondent then failed to contact Mr. Grandinetti or to return his numerous telephone calls. Moreover, she did not reply to Mr. Grandinetti's letters of December 12, 1992, and January 25, 1993, in which Mr. Grandinetti requested a meeting with the respondent and demanded a copy of the estate tax return by February 15, 1993.

By letter dated February 22, 1994, Mr. Grandinetti informed the respondent that the estate tax and interest had been paid by the estate on September 21, 1993, that the $2,525.33 penalty for late payment had been waived, and that the respondent was required to reimburse the estate for $7,099.39 in interest accrued as a result of her failure to act on the estate's behalf. The respondent failed to reimburse the estate for the interest.

By letter dated July 5, 1994, Mr. Grandinetti advised the respondent that he had recalculated the amount of interest owed by her to the estate to be $5,215.34. The respondent failed to reply to the letter or to reimburse the estate. The respondent further failed to reply to Mr. Grandinetti's follow-up letter of January 26, 1995.

By letter dated February 11, 1995, the respondent assured Mr. Grandinetti that she would review her file and communicate with him after March 6, 1995. She, nevertheless, failed to do so.

Charge One alleged that the respondent neglected the legal matter entrusted to her by Gerardo Fischetti, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Two alleged that the respondent intentionally failed to carry out a contract of employment entered into with Gerardo Fischetti for professional services, in violation of Code of Professional Responsibility DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]).

Charge Three alleged that the respondent intentionally prejudiced and damaged Gerardo Fischetti during the course of their professional relationship, in violation of Code of Professional Responsibility DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3]).

Charge Four alleged that the respondent failed to maintain adequate communication with Gerardo Fischetti, which adversely reflected on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Five alleged that respondent failed to maintain adequate communication with a fellow attorney, John F. Grandinetti, which adversely reflected on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Seven relates to a divorce action between James Stone and Kathleen M. Stone, the respondent's client, which was commenced in or about November 1991.

The parties entered into a stipulation of settlement on or about January 22, 1993, which established Mrs. Stone's counterclaim as the basis for the divorce. The respondent prepared the documents necessary for a judgment of divorce and obtained a note of issue in the Supreme Court, Kings County. The respondent was informed, on or about March 10, 1993, that the papers she submitted were rejected by the court. She failed to take any subsequent action to obtain the divorce.

By letter dated May 6, 1993, Gale Masullo, Mr. Stone's attorney, requested that the respondent provide her with information about the status of the divorce. The respondent failed to reply to Ms. Masullo's letter. Moreover, she did not return any of the numerous telephone calls placed to her law office by Ms. Masullo between May 6 and May 19, 1993.

As a result of the respondent's failure to resubmit the uncontested divorce documents and to answer her telephone calls, Ms. Masullo moved in the Supreme Court, Kings County, on or about May 20, 1993, to compel the respondent to resubmit the necessary documents.

Charge Seven alleged that the respondent failed to maintain adequate communication with a fellow attorney, Gale Masullo, which adversely reflected on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charges Eight through Ten relate to the complaint of Aileen Kevane, who retained the respondent to represent the interests

of the estate of her late mother, Aileen C. Bolkcum, in or about June 1990.

By letter dated February 21, 1991, the respondent informed Ms. Kevane of the status of the Bolkcum estate. The respondent failed to return Ms. Kevane's numerous telephone calls or to reply to Ms. Kevane's August 26, 1991 letter requesting information about the status of the estate. In or about September 1991, the respondent assured Ms. Kevane that the Bolkcum estate would be settled in a few months. She thereafter took no further action on behalf of the estate. From approximately September 1991 to approximately March 1993, the respondent failed to return Ms. Kevane's numerous telephone calls requesting information about the status of the estate. In or about March 1993, Ms. Kevane retained another attorney, George McPhillips, to represent the Bolkcum estate.

Charge Eight alleged that the respondent neglected the legal matter entrusted to her by Aileen Kevane, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Nine alleged that the respondent intentionally failed to carry out a contract of employment entered into with Aileen Kevane for professional services, in violation of Code of Professional Responsibility DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]).

Charge Ten alleged that the respondent failed to maintain adequate communication with Aileen Kevane, which adversely reflected on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The first supplemental petition alleges that in or about February 1984, the respondent was retained by Joseph Burns to prosecute a medical malpractice claim on his behalf. During the course of her representation, the respondent failed to keep Mr. Burns fully apprised of the status of his legal matter. The respondent failed to reply to Mr. Burns' letters dated August 28 and September 14, 1994, requesting specific information relating to the status of his legal matter.

On or about October 26, 1994, Mr. Burns filed a complaint against the respondent alleging professional misconduct. By letter dated November 7, 1994, Grievance Counsel directed the respondent to submit a written answer to the allegations. By letter dated November 15, 1994, the respondent submitted a written answer to the complaint. By letter dated March 7,

1995, the respondent was directed to submit to the Grievance Committee copies of correspondence with Mr. Burns and certain medical reports. The respondent failed to comply with this directive. By letter dated April 6, 1995, sent via regular and certified mail, Grievance Counsel directed the respondent to submit the previously requested documents within 10 days. The respondent again failed to do so. By letter dated May 4, 1995, the respondent promised Grievance Counsel that she would convey "an estimate of full completion" by the following day. The respondent failed to do so. By letter dated May 16, 1995, sent via facsimile and regular mail, Grievance Counsel directed the respondent to telephone him upon receipt of that letter. The respondent failed to call counsel as directed.

Based on those factual allegations, the respondent is charged with failure to cooperate with a legitimate investigation by the Grievance Committee into her alleged professional misconduct (Charge Two).

Based on the evidence adduced and the stipulation entered into by the parties, the Grievance Committee's motion and the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee are granted to the extent that Charges One, Two, Three, Four, Five, Seven, Eight, Nine, and Ten of the original petition and Charge Two of the first supplemental petition are sustained. The motion and cross motion are otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the length of time she has already been suspended, her numerous *pro bono* efforts while in practice, the character letters attesting to her integrity and competence, and that the matters which she has been found to have neglected occurred within the same time frame.

Notwithstanding the mitigation offered by the respondent, she has been sanctioned by the Grievance Committee in the recent past for very similar professional misconduct. On May 12, 1992, the respondent received an Admonition for failing to respond to three letters and numerous telephone calls from fellow attorney Carla Lowenheim. On June 21, 1990, the respondent received an Admonition for failing to cooperate with the Grievance Committee's investigation into allegations of professional misconduct. Additionally, on June 21, 1990, the respondent was issued two Letters of Caution for failing to respond to eight letters and numerous telephone calls from an attorney and for failing to respond to three letters and numerous

telephone calls from another fellow attorney. The respondent's prior disciplinary history was noted by this Court in its May 22, 1995 opinion and order which suspended the respondent for one year based on a charge that she had failed to cooperate with the Grievance Committee's investigation of the complaint of Aileen Kevane in 1993 (*Matter of Hoppmann*, 211 AD2d 169). The Kevane complaint is the substance of Charges Eight, Nine, and Ten of the original petition against the respondent.

Under the totality of circumstances, the respondent is suspended from practice for an additional year, commencing immediately.

O'BRIEN, J. P., RITTER, SULLIVAN, JOY and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee are granted to the extent that Charges One, Two, Three, Four, Five, Seven, Eight, Nine, and Ten of the original petition and Charge Two of the first supplemental petition are sustained and the motions are otherwise denied; and it is further,

Ordered that the respondent, Barbara Hoppmann, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (Rules of App Div, 2d Dept [22 NYCRR] § 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Barbara Hoppmann, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.