■ WALTER R. MURPHY, Appellant, v RITA STEIN, Respon-

dent.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered July 18, 1988, which denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

During the course of a matrimonial proceeding in which the defendant, an attorney, represented the plaintiff, the Supreme Court, Nassau County, issued a memorandum decision, determining, in relevant part, that after the deduction of certain expenses, the net proceeds derived from any future sale of the marital premises were to be distributed as follows: 75% to the plaintiff's wife and 25% to the plaintiff. The plaintiff's wife was granted exclusive occupancy of the marital premises, which was valued by the court in 1984 at approximately $120,000. Subsequently, and pursuant to the court's memorandum decision, the wife's attorney submitted a judgment which erroneously stipulated that certain expenses were to be deducted exclusively from the plaintiff's share of the proceeds of the sale of the house. The defendant did not detect this error.

According to the plaintiff, in August of 1984, and in reliance upon the provisions of the judgment of divorce, he sold his equity interest in the marital premises to his family accountant and longtime friend for $1,500. In November of 1984, the plaintiff, represented by another attorney, filed for bankruptcy pursuant to chapter 7 of the United States Bankruptcy Act (11 USC §§ 701-766). On a schedule annexed to the plaintiff's application, the value of his interest in the marital premises was listed as $1. Thereafter, in April of 1985, the plaintiff sought, and was granted, leave to amend his previously filed bankruptcy schedule to reflect the alleged sale of the premises to his accountant for the sum of $1,500, which sum, according to the amended schedule, was "spent in travelling and for other bills". On July 10, 1985, the Bankruptcy Court released the plaintiff from all dischargeable debts, in the amount of $20,721. Notably the plaintiff's equity interest in the premises, as calculated pursuant to the court's memorandum decision and as by the plaintiff himself, was approximately $22,000.

In March of 1987 the plaintiff commenced this action alleging, *inter alia,* that the defendant committed legal malpractice by failing to detect the discrepancy between the court's memorandum decision and the judgment submitted by his wife's attorney with regard to the deduction of expenses from the proceeds of the sale of the marital premises. According to the

plaintiff, the defendant's error caused him, *inter alia,* to sell his interest in the marital premises for far less than it was actually worth, and subsequently "forced" him into bankruptcy. Although in 1984 the plaintiff allegedly divested himself of any interest in the marital premises, in 1986 he made an application to correct the judgment, which was granted.

By notice of motion dated June 1, 1988, the plaintiff moved, and the defendant cross-moved, for summary judgment. After a hearing, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion to dismiss the complaint. We affirm.

As the Court of Appeals has observed, "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers *(see, Alvarez v Prospect Hosp., supra; Winegrad v New York Univ. Med. Center, supra).* "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" *(Alvarez v Prospect Hosp., supra,* at 324). Significantly, this court has held that, "[a]n action for legal malpractice requires proof of three essential elements: (1) the negligence of the attorney; (2) that the negligence was the proximate cause of the loss sustained; and (3) proof of actual damages" *(Mendoza v Schlossman,* 87 AD2d 606, 607).

When the foregoing principles are applied to this case, it must be concluded that the Supreme Court properly awarded summary judgment to the defendant. As the defendant contends, the plaintiff's own contentions and supporting papers establish that he has not suffered the requisite "actual damages" *(Mendoza v Schlossman, supra,* at 607) necessary to sustain his cause of action for legal malpractice. Since, by virtue of the sale of his equity interest and discharge in bankruptcy, the plaintiff ultimately received a benefit of over $22,000—a sum which exceeded his alleged interest in the marital premises—the record establishes, as a matter of law, that he sustained no damage attributable to the alleged legal malpractice of the defendant *(see, Mendoza v Schlossman, supra).* Accordingly, as there remain no questions of fact with

regard to an essential element of the plaintiff's cause of action, the defendant's motion for summary judgment was properly granted. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.