■ ROBERT L. MARQUEZ et al., Appellants, v J. ROSS DEVELOPMENT et al., Defendants, and RONALD BIRCHER, Respondent. —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted summary judgment dismissing plaintiffs' legal malpractice claims based upon negligent representation and conflict of interest against defendant attorney. To establish a prima facie case of legal malpractice, a client must demonstrate that his attorney failed to exercise that degree of skill commonly exercised by an ordinary member of the legal community, and that the client incurred damages as a direct result of the attorney's actions *(see, Saveca v Reilly,* 111 AD2d 493, 494; *O'Brien v Spuck,* 99 AD2d 910, 911). Contrasted to a disqualification proceeding, where only the possibility of prejudice need be shown *(see, Forbush v Forbush,* 107 AD2d 375, 379-381), in a legal malpractice action, the client must demonstrate that a conflict existed and that he was damaged thereby. "[T]he issue of proximate cause cannot be left to speculation" (1 Mallen & Smith, Legal Malpractice § 12.17, at 746 [3d ed]). Here, plaintiffs failed to demonstrate that the damages they incurred were the result of actions taken by defendant attorney; consequently, their claims were properly dismissed. (Appeal from order of Supreme Court, Monroe County, Wesley, J.—dismiss causes of action.) Present—Doerr, J. P., Denman, Balio, Lawton and Lowery, JJ.