■ TRAVIS MARSHALL, Appellant, v STEVEN B. NACHT, Respondent.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Corrado, J.), dated November 13, 1989, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the attorneys for the parties are directed to appear at this court on May 15, 1991, at 12:00 Noon, to be heard, pursuant to 22 NYCRR 130-1.1 (c), upon the issue of the imposition of appropriate sanctions or costs, if any.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant summary judgment dismissing the complaint. In order to establish a prima facie case of legal malpractice, a client must demonstrate that his attorney failed to exercise that degree of skill commonly exercised by

an ordinary member of the legal community, and that he incurred damages as a direct result of his attorney's actions (see, Marquez v Ross Dev., 162 AD2d 1011). An action to recover damages for legal malpractice thus requires proof of three essential elements: (1) a duty, (2) a breach of the duty, and (3) proof that actual damages were proximately caused by the breach of the duty (see, Murphy v Stein, 156 AD2d 546; Mendoza v Schlossman, 87 AD2d 606). The issue of proximate cause cannot, however, be left to speculation, and the record at bar amply supports the Supreme Court's conclusion that any damages allegedly incurred by the plaintiff were not the result of any acts or omissions by the defendant attorney. In this regard, we note that the plaintiff himself at his deposition entirely refuted his claim that the defendant attorney's malpractice prevented him from continuing his studies at the State University of New York at Stony Brook, and obtaining a college degree. Consequently, the plaintiff's action was properly dismissed (see, Marquez v Ross Dev., supra; Murphy v Stein, supra; Ressis v Wojick, 105 AD2d 565).

Moreover, upon our review of the record, we find that the instant appeal so obviously lacks merit in either fact or law that it must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). Accordingly, the attorneys for the parties are directed to appear at this court on May 15, 1991, at 12:00 Noon to be heard on the issue of whether appropriate sanctions or costs should be imposed pursuant to 22 NYCRR 130-1.1 (c), and if so, in what amount. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.