■ Travis Marshall, Appellant, v Steven B. Nacht, Respondent.—In an action to recover damages for legal malpractice, the parties were directed to appear before this court to be heard pursuant to 22 NYCRR 130-1.1 (c), upon the issue of the imposition of appropriate sanctions and/or costs, if any, against the appellate attorney for the plaintiff for his conduct in pursuing a frivolous appeal from an order of the Supreme Court, Queens County, dated November 13, 1989 *(see, Marshall v Nacht,* 172 AD2d 727).

Upon the proceedings before this court on May 29, 1991, at which the parties were given an opportunity to be heard upon the issue of sanctions and/or costs, it is,

Ordered that Allen J. Hershberg, the appellate attorney for the plaintiff, is directed to personally pay the sum of $250 to the Lawyers' Fund for Client Protection, within 20 days after service upon him of a copy of this decision and order with notice of entry, for his conduct in pursuing a frivolous appeal from an order of the Supreme Court, Queens County, dated November 13, 1989.

The facts of the underlying legal malpractice action were set forth in our prior decision and order, which affirmed the order appealed from *(see, Marshall v Nacht, supra).* We concluded therein that this appeal "so obviously lacks merit in either fact or law that it must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c)". On May 29, 1991, the appellate attorneys for the parties appeared before this court and were heard with respect to the question of

sanctions and/or costs. After due deliberation, and under the circumstances of this case, we find it appropriate to require the plaintiff's appellate attorney to pay a sanction of $250 to the Lawyers' Fund for Client Protection. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.