■ ANNA LUNIEWSKI, Appellant, v STEPHEN M. ZEITLIN et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated October 24, 1990, which denied her motion to compel the defendants to appear for a deposition and granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This legal malpractice action arises out of the defendants' representation of the plaintiff in her divorce action, which was commenced in 1984. The plaintiff's original attorneys moved to strike that case from the trial calendar in January 1985 on the ground that discovery had not been completed. The court denied the motion and directed that all discovery be completed within 30 days after service of the order on the plaintiff, or by April 19, 1985. By a "Consent to Change Attorneys" dated May 1, 1985, the defendants were substituted in the divorce action as attorneys for the plaintiff. Thereafter, the attorneys made an oral application for further discovery. This request was denied. On July 11, 1985, the date scheduled for trial, a stipulation of settlement was entered into in open court between the plaintiff and her husband, whereby the plaintiff received, inter alia, sole title and ownership of the marital home and maintenance for 11 years in an amount which would pay off the mortgage. The wife expressly agreed to all the terms of the stipulation and acknowledged that she was fully satisfied with the representation she received. However, in 1987, the plaintiff, who had retained yet another attorney, moved to set aside the stipulation of settlement "on the ground of false, incomplete and deceptive disclosure, newly discovered". This motion was denied by order dated February 1, 1988.

Thereafter, on or about June 20, 1988, the plaintiff commenced the instant legal malpractice action, alleging that the defendants had failed to conduct adequate discovery and to ascertain the true value of, inter alia, her husband's interest in an apartment building, resulting in a less favorable settle-

ment for her. The court granted the defendants' motion for summary judgment. We affirm.

An action to recover damages for legal malpractice requires a showing of the negligence of the attorney, that this negligence was the proximate cause of the loss sustained, and actual damage *(see, Murphy v Stein,* 156 AD2d 546). Mere speculation of a loss resulting from an attorney's alleged omissions is insufficient to sustain a prima facie case sounding in legal malpractice *(see, Perini v Perini,* 154 AD2d 360; *Becker v Julien, Blitz & Schlesinger,* 66 AD2d 674). In the instant case, the plaintiff's primary claim is that the defendants failed to ascertain the true value of the husband's interest in the apartment building. The husband, however, sold that interest in November 1984, seven months before the defendants were retained, and for the same sum that he had paid for the property. The plaintiff's remaining claims that the defendants failed to adequately investigate other assets of the husband are equally meritless. The defendants made every effort to investigate the husband's assets from the time they were retained until the scheduled trial date two and one-half months later, when the plaintiff entered into the stipulation of settlement substantially more favorable than any settlement offer previously made. Upon being retained, the defendants attempted to reopen discovery, but the application was denied. Thus, there is no basis for concluding that the defendants were negligent in representing the plaintiff or that the plaintiff sustained any damage as a result of their representation *(see, Murphy v Stein, supra).* Mangano, P. J., Bracken, Lawrence and Copertino, JJ., concur.