■ ROBERT TUCKMAN, Respondent, v WILLIAM B. WACHTEL et al., Appellants. [606 NYS2d 679] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered May 26, 1993, which granted defendants' motion only to the extent of dismissing the last of five causes of action, unanimously modified, on the law, and the complaint is dismissed in its entirety (CPLR 3211 [a] [1], [7]), with costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint, with costs.

In this action grounded primarily on alleged legal malprac-

tice, defendants' motion to dismiss the complaint based on documentary evidence demonstrating that plaintiff suffered no legally cognizable loss must be granted. While plaintiff alleges that defendant attorneys negligently failed to preserve his status as a secured creditor in an enterprise in which he had invested, and which ultimately failed and went bankrupt, it is uncontested that the collateral plaintiff pledged to obtain a $250,000 bank loan (the proceeds of which were invested in the business) consisted of a certificate of deposit, which was subsequently returned to him. Substituted as collateral for the bank loan was an assignment to the extent of $250,000 of the cash surrender value of a life insurance policy insuring the life of plaintiff's father. After plaintiff's father died in September 1990, the loan was fully repaid from the policy proceeds.

Plaintiff, in his affidavit in opposition, averred that the certificate of deposit "I put up was my father's money" and that *"If* I repay the Estate, I lose $250,000" (underscoring added). Absent from the record is any allegation that the estate has so much as made a demand upon him for repayment. Thus plaintiff has failed, on this record, to demonstrate any loss *to him,* an essential element of a cause of action for legal malpractice *(Murphy v Stein,* 156 AD2d 546, *appeal dismissed* 75 NY2d 946) as well as the three other closely related causes of action (conflict of interest, breach of fiduciary duty and breach of contract) in the complaint. Concur—Murphy, P. J., Sullivan, Rosenberger and Wallach, JJ.