■ ROBERT J. HILL, Respondent, v FISHER & FISHER et al., Appellants. [610 NYS2d 548] —In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated April 13, 1992, as granted the plaintiff leave to replead, and denied the defendants' application for the imposition of costs and sanctions.

■ ROBERT J. HILL, Appellant, v FISHER & FISHER et al., Respondents. [610 NYS2d 848] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 8, 1993, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that the defendants wrongly advised him that they had obtained an extension of time for payment mandated by a separation agreement between the plaintiff and his former wife, when in fact such an extension of time

was not obtained. The plaintiff claimed he was ready, willing, and able to make the payment in accordance with the separation agreement, but failed to do so because of the defendants' misinformation. Consequently, the agreement was set aside and a divorce judgment was entered against the plaintiff with less advantageous economic terms than those in the separation agreement.

A legal malpractice action requires, *inter alia,* proof that the attorneys' negligence was the proximate cause of the loss sustained by the plaintiff *(see, Murphy v Stein,* 156 AD2d 546). In this case, the plaintiff failed to come forward with any evidence to establish that he was capable of complying with a deadline in the separation agreement of December 31, 1988, or the alleged extensions of that deadline to February 1, 1989, and March 1989. Therefore, even if the defendants improperly advised him that they had obtained extensions of the deadline in the separation agreement when they had not, that advice was not the proximate cause of the plaintiff's alleged pecuniary loss. As there remain no questions of fact with regard to an essential element of the plaintiff's cause of action, the defendants' motion for summary judgment was properly granted *(see, Murphy v Stein, supra).*

The parties' remaining contentions are without merit. Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.