■ GLORIA RUBIN, Appellant, v SHELDON FLANZIG, Respondent. [641 NYS2d 688] —In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (McCabe, J.), dated October 24, 1994, as, upon reargument, adhered to its prior determination dismissing the complaint upon the granting of the defendant's motion for summary judgment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff sustained physical injuries in an auto accident in June 1987. As a result, she retained the defendant to represent her in that action. The defendant negotiated a settlement which the plaintiff accepted. However, the plaintiff contends

that the defendant should have instituted an action against the Nassau County Medical Clinic and several medical care providers, *inter alia,* for allegedly failing to detect a fracture to her C-2 bone at the first opportunity. Because the defendant did not pursue a medical malpractice action within the Statute of Limitations period, the plaintiff commenced the instant action against him.

Our review of the records before us demonstrates that the plaintiff would not have prevailed had her underlying medical malpractice action been instituted (*see, Albach v Manning & Male,* 201 AD2d 601). Her allegations were amorphous and unsubstantiated. She failed to demonstrate that the defendant had a duty to do as she demanded or that the defendant failed to exercise the skill commonly exercised by an ordinary member of the legal community (*see, Marshall v Nacht,* 172 AD2d 727). Hence, summary judgment was properly granted to the defendant.

The plaintiff's remaining contentions are without merit. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.