■ ADELINE SCOMELLO, Appellant, v PETER CARONIA et al., Respondents. [648 NYS2d 688] —In an action, *inter alia,* to recover damages for fraud, malicious prosecution, and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated May 25, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the plaintiff's causes of action sounding in fraud and malicious prosecution. The causes of action alleging fraud were properly dismissed because they were not pleaded with the specificity required under CPLR 3016 (b) *(see, Bramex Assocs. v CBI Agencies,* 149 AD2d 383; *Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778). Conclusory allegations do not satisfy this requirement *(see, Sforza v Health Ins. Plan,* 210 AD2d 214).

The cause of action alleging malicious prosecution, based on the defendants' suit against the plaintiff for recovery of legal fees, was properly dismissed. A cause of action alleging malicious prosecution accrues when the action alleged to have been brought maliciously terminates favorably to the plaintiff *(see, Campo v Wolosin,* 211 AD2d 660; *Whitmore v City of New York,* 80 AD2d 638). Because the underlying action has not been resolved in favor of either party, the cause of action alleging malicious prosecution was properly dismissed.

The defendants established a prima facie showing of entitlement to summary judgment with respect to the causes of action alleging legal malpractice, and the plaintiff's conclusory and unsubstantiated allegations were insufficient to raise a triable issue of fact *(see, Murphy v Stein,* 156 AD2d 546, 548; *Greenman Constr. Corp. v Incorporated Vil. of Northport,* 209

AD2d 565, 566). Moreover, the plaintiff failed to demonstrate that any alleged omissions by the defendants were the proximate cause of any injury she suffered *(see, Luniewski v Zeitlin,* 188 AD2d 642; *Perini v Perini,* 154 AD2d 360).

The cause of action asserted on behalf of the plaintiff's children alleging legal malpractice was properly dismissed. Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity, or in a relationship approaching privity, for harm caused by professional negligence *(see, Metral v Horn,* 213 AD2d 524; *Viscardi v Lerner,* 125 AD2d 662). Because the children were not in a relationship approaching privity with the defendants, and the plaintiff failed to plead a cause of action in fraud or allege that any other "special circumstances" exist such that the children would be entitled to relief, the claim was properly dismissed.

The parties' remaining contentions are without merit. Thompson, J. P., Pizzuto, Goldstein and Florio, JJ., concur.