**Joseph V. TINELLI, Sr., Plaintiff–Appellant,**

v.

**Frank E. REDL and Hankin, Hanig, Stall & Caplicki, Defendants–Appellees.**

**Docket No. 99–7248**

United States Court of Appeals, Second Circuit.

Argued: Oct. 7, 1999

Decided: Dec. 20, 1999

John A. Aretakis, Law Office of John A. Aretakis, New York, New York, for plaintiff-appellant.

Debora A. Pitman, Conway, Farrell, Curtin & Kelly, P.C., New York, New York, for defendants-appellees.

Before: JACOBS, CALABRESI and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Joseph Tinelli appeals from an order and judgment of the United States District Court for the Southern District of New York (Wood, J.), adopting in its entirety the Report and Recommendation of the magistrate judge (Eaton, M.J.), recommending that summary judgment be granted in favor of defendants-appellees Frank Redl and Hankin, Hanig, Stall & Caplicki.[1] We affirm the grant of summary judgment substantially for the reasons stated by the district court and magistrate judge. We write only to address Tinelli's malpractice claim as it relates to Redl's failure to perfect the appeal from an administrative hearing decision, which found Tinelli guilty of misconduct and recommended termination of his employment.

---

1. Redl joined the law firm of Hankin, Hanig, Stall & Caplicki as "Of Counsel" in May 1994, after the events underlying this lawsuit occurred. On appeal, Tinelli does not challenge the district court's dismissal of the law firm from the action.

The resolution of that claim turns on an issue of New York state law, i.e., ought a court or jury determine whether an attorney's failure to perfect an appeal causes damages to the plaintiff.

## BACKGROUND

In December 1988, Joseph Tinelli was terminated from his position as Code Enforcement Officer of the Town of Pawling, New York (the "Town"). Thereafter, Tinelli retained an attorney, Frank Redl, to represent him in connection with his termination. In January 1989, Redl informed the Town that Tinelli, as a civil servant, was entitled to an administrative hearing under N.Y. Civil Service Law § 75 for a formal determination of his employment status.[2] Following a two-day hearing, Tinelli was found guilty of three charges of "misconduct and incompetence"—one charge of failing to enforce the Town code requirements regarding the removal of abandoned vehicles and two charges of abusive conduct toward a colleague and a citizen. Pursuant to these findings, the hearing officer recommended termination of Tinelli's employment. On June 27, 1989, the Town Board adopted the hearing officer's findings and recommendation.

In July 1989, Redl initiated Tinelli's appeal from the administrative hearing decision by filing a notice of petition in the Supreme Court of New York, Dutchess County pursuant to N.Y. C.P.L.R. 78 (the "Article 78 appeal").[3] On October 18, 1989, the Supreme Court transferred the case to the Appellate Division, Second Department, pursuant to N.Y. C.P.L.R. 7804(g). Redl took no further action, however, after the initial filing of the petition for Tinelli's appeal. In April 1990, six months after having been transferred to the Appellate Division, Tinelli's appeal expired.

Following the expiration of his Article 78 appeal, Tinelli commenced this malpractice suit against Redl in the United States District Court for the Southern District of New York in April 1996. Tinelli alleged, *inter alia,* that Redl's failure to perfect the Article 78 appeal, including his failure to move for an extension of time to perfect, constituted malpractice. The case was referred to Magistrate Judge Douglas F. Eaton for pre-trial proceedings, and, after substantial discovery, Redl moved for summary judgment on all claims. On November 16, 1998, the magistrate judge issued a Report and Recommendation, recommending that Redl's motion be granted, with one exception not relevant to this appeal. With respect to Redl's failure to perfect the Article 78 appeal, the magistrate judge found that the appeal would not have been successful even if it had been perfected and thus concluded that Redl's failure to perfect the appeal did not cause any damage to Tinelli. The district court adopted the magistrate judge's Report and Recommendation in its entirety and entered judgment on February 3, 1999.[4] For the reasons that follow, we affirm the decision of the district court.

## DISCUSSION

We review the district court's grant of summary judgment *de novo. See Greene v. United States,* 13 F.3d 577, 580 (2d

---

**2.** New York Civil Service Law § 75(1) (McKinney 1999) provides that certain civil servants "shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section."

**3.** An appeal pursuant to Article 78 is a special proceeding to challenge, *inter alia,* "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse

of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed." N.Y. C.P.L.R. 7803(3) (McKinney 1994).

**4.** Tinelli also claimed that Redl's poor performance at the administrative hearings constituted malpractice. The district court adopted the magistrate judge's recommendation that Redl's motion for summary judgment be granted as to this claim as well.

Cir.1994). Summary judgment is appropriate only when there are no genuine issues of material fact, and the moving party is entitled to prevail as a matter of law. *See Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 61 (2d Cir.1998). The parties do not dispute that New York substantive law applies in this diversity suit.

■ In order to prevail on a claim of legal malpractice under New York law, a plaintiff must demonstrate "(1) a duty, (2) a breach of the duty, and (3) proof that actual damages were proximately caused by the breach of the duty." *Marshall v. Nacht*, 172 A.D.2d 727, 569 N.Y.S.2d 113, 114 (2d Dep't 1991). Redl concedes that his failure to perfect the Article 78 appeal satisfies the first two of these requirements. Therefore, the only issue we address here is whether Tinelli has shown that Redl's breach of duty caused any damage, i.e., whether, but for Redl's failure to perfect the Article 78 appeal, Tinelli ultimately would have prevailed on appeal in challenging the finding of misconduct and incompetence and consequent termination of his employment.

■ Tinelli claims that the court below erred in deciding the issue of causation as a matter of law, contending that the question of whether his Article 78 appeal would have succeeded is a factual matter that should be resolved by a jury. Given the dearth of case law addressing this precise issue in New York, we cannot say that the state's law is certain on this point.[5] In such circumstances, where the New York Court of Appeals has not spoken on the issue, we must "carefully predict how the highest court of the state would resolve the uncertainty or ambiguity." *Bank of New York v. Amoco Oil Co.*, 35 F.3d 643, 650 (2d Cir.1994). This inqui-

ry requires us to look to the decisions of the lower state courts and to consider decisions in other jurisdictions. *See id.*

Upon our review of the decisional law of the lower courts of New York and consideration of the underlying rationale for such decisions, we conclude that the New York Court of Appeals would agree with the determination that the question of whether a plaintiff would have prevailed on appeal should be decided as a matter of law. *Cf. Katsaris v. Scelsi*, 115 Misc.2d 115, 453 N.Y.S.2d 994, 996 (N.Y.Sup. 1982) ("The judge ... must determine what the appellate court would have done...."); *Nunez De Villavicencio v. Cerny*, 662 F.Supp. 243, 243–44 (S.D.N.Y.1987) (following *Katsaris* and determining, as a question of law, how the appellate court would have ruled). Our conclusion is guided, in part, by the decisions of other courts that have considered this issue under the state law of their respective jurisdictions. In fact, "[n]umerous courts have recognized that the determination of whether an appeal not taken would have succeeded is within the exclusive province of the court, not the jury." *Steeves v. Bernstein, Shur, Sawyer & Nelson, P.C.*, 718 A.2d 186, 191 (Me. 1998) (footnote and internal quotation marks omitted); *see also Charles Reinhart Co. v. Winiemko*, 444 Mich. 579, 513 N.W.2d 773, 783–84 & n. 40 (1994) (noting that at least nineteen jurisdictions have concluded that the determination of whether an appeal would have succeeded is a question of law and that "no reported decisions have held otherwise") (citing cases). Accordingly, we hold that the district court properly decided that the determination of causation of damages here lay exclusively with the court.

5. When there is uncertainty in state law in a diversity case, it is often appropriate to certify the unresolved question to the highest court of that state. *See, e.g., Liriano v. Hobart Corp.*, 132 F.3d 124, 132 (2d Cir.1998); *McCarthy v. Olin Corp.*, 119 F.3d 148, 153–54 (2d Cir.1997). Certification, however, is not proper where the question does not present a complex issue, there is no split of authority and "sufficient precedents exist for us to make [a] determination." *McCarthy*, 119 F.3d at 153–54. Given the narrowness of the issue presented and the unanimity of extensive precedent—both in New York and out of New York, *see infra*—we decline to certify this question.

To rule otherwise—and hold that a jury should decide how an appellate court would have ruled—would misconstrue the very nature of appellate review. Appellate courts decide matters as "issue[s] of law, based upon review of the transcript and ... the argument of counsel." *Katsaris*, 453 N.Y.S.2d at 996 (quoting Mallen and Levit, Legal Malpractice (2d ed.) § 583, at 738). Here, Tinelli's success in his Article 78 appeal would have turned on a determination of whether the hearing officer's findings were "supported by substantial evidence" and whether his determinations—including recommended sanctions—were "affected by an error of law or [were] arbitrary and capricious or an abuse of discretion." N.Y. C.P.L.R. 7803; *see also Pell v. Board of Educ.*, 34 N.Y.2d 222, 230–32, 356 N.Y.S.2d 833, 313 N.E.2d 321 (1974) (discussing the standard of review in an Article 78 appeal). These are purely questions of law. Because "[i]t is emphatically the province and duty of the judicial department to say what the law is," *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803), the task of deciding how an appeal would have been resolved must be left to the judge and not the jury. *See Charles Reinhart Co.*, 513 N.W.2d at 777–78 (reasoning that "the nature of appellate practice mandates judicial resolution of the issue" of whether an appellant would have prevailed); *Millhouse v. Wiesenthal*, 775 S.W.2d 626, 628 (Tex.1989) ("The question of whether an appeal would have been successful depends on an analysis of the law and the procedural rules.... A judge is clearly in a better position to make this determination.").

■ In light of the foregoing, we find that the determination of whether Tinelli's "appeal would have been successful intrinsically involves issues of law within the exclusive province of the courts," *Charles Reinhart Co.*, 513 N.W.2d at 784, and hold that the district court properly treated causation as a matter of law. In light of our holding, we reject Tinelli's alternative argument that the court below incorrectly

determined that his Article 78 appeal would have failed. Upon review of the record, we agree with the conclusion of the district court that Tinelli's appeal would not have succeeded because the hearing officer's findings of misconduct and incompetence were supported by substantial evidence and because there was no abuse of discretion in recommending Tinelli's termination under the circumstances. We have also reviewed and considered Tinelli's other arguments on appeal and find them to be without merit.

## CONCLUSION

For the foregoing reasons, we hereby affirm the order and judgment of the district court granting defendants' motion for summary judgment and dismissing the action.