■ JOSEPH W. SHANLEY, Appellant, v MICHAEL S. WELCH, Respondent. [776 NYS2d 400]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered April 22, 2003. The order granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and denied plaintiff's cross motion in a legal malpractice action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the complaint is reinstated, the cross motion is granted in part, the complaint is deemed amended nunc pro tunc, defendant is granted 20 days from service of a copy of the order of this Court with notice of entry to serve an answer, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Supreme Court erred in granting the motion of defendant, Michael S. Welch, to dismiss the complaint in this legal malpractice action on the ground that it fails to state a cause of action (*see* CPLR 3211 [a] [7]). A motion to dismiss for failure to state a cause of action "must be denied if from the pleadings' four corners 'factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002], quoting *Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001]). Construing the complaint liberally and giving plaintiff the benefit of every possible favorable inference (*see Harrison v Constantino*, 2 AD3d 1315 [2003]), we conclude that it sufficiently alleges that Welch, an attorney, undertook to memorialize a property settlement agreement between plaintiff and his wife, and thus Welch and plaintiff had a relationship that required Welch to "exercise the degree of skill commonly exercised by an ordinary member of the legal community" (*McKenna v Forsyth & Forsyth*, 280 AD2d 79, 80 [2001]; *see Marshall v Nacht*, 172 AD2d 727, 727-728 [1991]; *Marquez v J. Ross Dev.*, 162 AD2d 1011 [1990]). The pleadings also allege damages resulting from a court's vacating the property settlement agreement because the acknowledgment clause did not comply with the requirements of Real Prop-

erty Law § 309-a and Domestic Relations Law § 170. Thus, we conclude that the pleadings state a cognizable cause of action for legal malpractice.

The court also erred in denying that part of plaintiff's cross motion seeking leave to amend the complaint to allege that Welch committed legal malpractice in acting as a scrivener of the agreement between plaintiff and his wife. Thus, we reverse the order, deny Welch's motion, reinstate the complaint, and grant that part of plaintiff's cross motion seeking leave to amend the complaint. In view of the uncontroverted assertion that the amended complaint has been served, we deem the complaint amended nunc pro tunc and grant defendant 20 days from service of a copy of the order of this Court with notice of entry to serve an answer, and we remit this matter to Supreme Court for determination of those parts of plaintiff's cross motion to disqualify Welch's counsel and for disclosure of Welch's malpractice carrier. Present—Green, J.P., Pine, Scudder, Kehoe and Gorski, JJ.