Seaman v Schulte Roth & Zabel LLP (2019 NY Slip Op 07510)





Seaman v Schulte Roth & Zabel LLP


2019 NY Slip Op 07510


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10128 152828/18

[*1] Jordan Seaman, Plaintiff-Appellant,
v
Schulte Roth & Zabel LLP, et al., Defendants-Respondents.


Emery Celli Brinckerhoff & Abady LLP, New York (Illan M. Maazel of counsel), for appellant.
Schulte Roth & Zabel LLP, New York (Robert M. Abrahams of counsel), for respondents.



Judgment, Supreme Court, New York County (Robert D. Kalish, J.), entered October 29, 2018, bringing up for review an order, same court and Justice, entered October 22, 2018, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
In this legal malpractice action, plaintiff alleges that defendant Frunzi, a partner of defendant Schulte Roth & Zabel LLP, agreed to represent him and his then-wife in drafting a postnuptial agreement between them. According to plaintiff, despite his clearly expressed intent to preserve the terms of the parties' prenuptial agreement, Frunzi drafted the agreement in a way that imposed open-ended financial obligations on him and failed to disclose a substantial conflict of interest arising from her role as a trustee of trusts that benefitted his then-wife.
Defendants moved to dismiss the complaint under CPLR 3211(a)(1) and (7), arguing that documentary evidence utterly refuted plaintiff's claim of attorney-client relationship (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
We find that the motion court properly granted defendants' motion based upon the specific facts and documentary evidence establishing there was no attorney-client relationship. On a motion to dismiss, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Under CPLR 3211(a)(1), dismissal "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Leon v Martinez, 84 NY2d at 88).
Emails may be considered as documentary evidence if those papers are "essentially undeniable" (Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432-33 [1st Dept 2014]). An unambiguous written agreement can also constitute documentary evidence (150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004] [citation omitted]).
The law is well-established that "the absence of any attorney-client relationship bars an action for attorney malpractice" (Cabrera v Collazo, 115 AD3d 147, 153 [1st Dept 2014]).
The course of conduct among the parties demonstrated by the documentary evidence, particularly the repeated communications from defendants to plaintiff clearly disclaiming an attorney-client relationship and advising plaintiff and his wife to consult independent counsel, refute plaintiff's general allegations that Frunzi was his attorney in connection with the negotiation and execution of the postnuptial agreement in question (cf. Barrett v Goldstein, 161 AD3d 472 [1st Dept 2018]). Although defendants were required to use the ordinary degree of skill required of the legal community in drafting a postnuptial agreement, there is no claim that the agreement was ineffective due to a technical error or that Frunzi failed to accurately memorialize the terms of the parties' agreement (compare Shanley v Welch, 31 AD3d 1127 [4th Dept 2006] and Shanley v Welch, 6 AD3d 1065 [4th Dept 2004] [defendant attorney failed to [*2]have settlement agreement properly acknowledged, so that it was ineffective]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK