20-1577-cv(L)
Rhee-Karn v. Lask

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-two.

PRESENT:
>    ROBERT D. SACK,
>    RAYMOND J. LOHIER, JR.,
>        *Circuit Judges*,
>    JOHN P. CRONAN,
>        *District Judge.**

------------------------------------------------------------------

MARGARET RHEE-KARN,

   *Plaintiff-Appellee-Cross-Appellant*,

   v.                                                    Nos. 20-1577-cv,
                                                              20-1580-cv

---

* Judge John P. Cronan, of the United States District Court for the Southern District of New York, sitting by designation.

SUSAN CHANA LASK, ESQ.,

*Defendant-Appellant-Cross-Appellee.*\*\*

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLEE-
CROSS-APPELLANT:               Andrea L. Weinberger, Los Angeles, CA

FOR DEFENDANT-APPELLANT-
CROSS-APPELLEE:               Scott T. Horn, Mischel & Horn, P.C., New York, NY, Susan Chana Lask, Law Offices of Susan Chana Lask, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant-Cross-Appellee Susan Chana Lask appeals from a judgment of the United States District Court for the Southern District of New York (Cote, J.) in favor of Plaintiff-Appellee-Cross-Appellant Margaret Rhee-

----

\*\* The Clerk of Court is directed to amend the caption as set forth above.

2

Karn with respect to Rhee-Karn's legal malpractice claim against Lask for filing an action in federal court on Rhee-Karn's behalf. Rhee-Karn cross-appeals from the judgment insofar as it dismissed her legal malpractice claim against Lask arising from Lask's actions in a second federal action and Lask's representation of Rhee-Karn during a state family court action. Rhee-Karn also challenges the decision of the District Court (Preska, J.) dismissing her state law claim of breach of fiduciary duty.[1] We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) as well as its ruling on cross-motions for summary judgment. See Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95 (2d Cir. 2010); Novella v. Westchester Cnty., 661 F.3d 128, 139–40 (2d Cir. 2011).

---

[1] On appeal, Rhee-Karn argues that the District Court improperly dismissed her claim brought under § 487 of the New York Judiciary Law. We need not reach this issue, however, because the operative third amended complaint fails to raise a standalone claim under § 487. See 23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health, 685 F.3d 174, 184 n.8 (2d Cir. 2012). The complaint mentions § 487 only once as a stray reference in Rhee-Karn's assertion of a breach of fiduciary duty claim.

"When both sides have moved for summary judgment, each party's motion is examined on its own merits, and all reasonable inferences are drawn against the party whose motion is under consideration." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011).

## I. Lask's Appeal

We begin with Lask's appeal. The District Court concluded that Rhee-Karn was entitled to summary judgment on her legal malpractice claim arising from Lask's filing of the first federal action in this matter. The court also denied Lask's motion for reconsideration. "In order for a defendant to succeed on summary judgment, [she] must establish that the plaintiff is unable to prove at least one of the essential elements." Rubens v. Mason, 527 F.3d 252, 255 (2d Cir. 2008) (quotation marks omitted). To prevail on a claim of legal malpractice under New York law,[2] a plaintiff must establish the following elements: "(1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." Nordwind v. Rowland, 584 F.3d 420, 429 (2d Cir. 2009) (quotation

---

[2] Neither side disputes that New York law applies in this diversity action. See Tinelli v. Redl, 199 F.3d 603, 606 (2d Cir. 1999).

marks omitted); see Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer, 8 N.Y.3d 438, 442 (2007). As for attorney negligence, a plaintiff must show that the attorney's conduct "fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of [the] profession." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (quotation marks omitted); see Rudolf, 8 N.Y.3d at 442.

We agree that Rhee-Karn is entitled to entitled to summary judgment on her legal malpractice claim in connection with the first federal action. The record evidence demonstrated that Lask negligently failed to conduct adequate legal research or advise Rhee-Karn about any of the substantial risks that bringing the first federal action entailed. In particular, Lask advised that Rhee-Karn could not raise her constitutional claims in Family Court. Lask's advice was plainly unreasonable under the circumstances, since family courts are unequivocally competent to consider constitutional challenges. See, e.g., Reinhardt v. Commonwealth of Mass. Dep't of Soc. Servs., 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987)) ("Clearly, the Family Court of New York is bound by the Federal Constitution.

5

Thus, notions of comity and federalism compel the assumption that the Family Court is competent to hear and thoughtfully consider the plaintiff's constitutional challenges."). Under the circumstances, Lask's advice was sufficiently deficient as to constitute malpractice as a matter of law, as it "fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of [the] profession." Achtman, 464 F.3d at 337. We therefore affirm the District Court's grant of summary judgment in Rhee-Karn's favor on this claim.

**II.    Rhee-Karn's Cross-Appeal**

We turn next to Rhee-Karn's cross-appeal, in which she principally contends that the District Court erred when it dismissed her claim for breach of fiduciary duty. Under New York law, however, where a claim for breach of fiduciary duty is "premised on the same facts and seek[s] the identical relief" as a claim for legal malpractice, the breach of fiduciary duty claim "is redundant and should be dismissed." Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 780 N.Y.S.2d 593, 596 (1st Dep't 2004). We agree with the District Court that Rhee-Karn's breach of fiduciary duty claim and legal malpractice claim were premised on the same facts and were thus redundant.

6

We therefore affirm the District Court's dismissal of Rhee-Karn's breach of fiduciary duty claim.

For substantially the reasons stated by the District Court in its March 4, 2020 opinion and order, we also affirm the judgment insofar as it granted summary judgment and dismissed Rhee-Karn's legal malpractice claim arising out of Lask's filing of the second federal action and her representation of Rhee-Karn before the state family court.

We have considered the parties' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court