[659 NYS2d 44]

In the Matter of SCOTT TOD ACKERMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 9, 1997

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Faith Lorenzo* of counsel), for petitioner.

*Carlucci & Legum, L. L. P.,* Mineola *(Steven G. Legum* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with eleven allegations of professional misconduct. The Special Referee sustained Charges One, Two and Four through Eleven. The Grievance Committee moves to confirm the Special Referee's report with respect to the 10 charges which were sustained and to disaffirm with respect to Charge Three, which was not sustained. The respondent cross-moves to disaffirm the Special Referee's report with respect to Charges Two, Four, Five, Six, Seven, Nine and Eleven and to order the matter sealed with respect to evidence tendered on mitigation.

Charge One alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

In or about December 1991, the respondent commenced representing Anthony Ciarletta in an uncontested divorce proceeding. The respondent filed divorce papers on behalf of his client in or about February 1992. By letter dated April 13, 1992, the court notified the respondent that it was unable to render a decision without further specified documentation. The respondent never submitted this additional information. By decision and order dated July 23, 1992, the court denied the motion seeking a judgment of divorce and noted that the papers submitted were "woefully inadequate." The respondent neither filed the papers requested by the court nor concluded this matter.

Charge Two alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]), by failing to serve relevant papers.

The respondent commenced representing Hesham Eldeib in a divorce action in or about February 1992. At his appearance at the Grievance Committee's offices on October 29, 1992, the respondent testified that he failed to serve the verified complaint and notice of motion for a default judgment on the defendant wife.

Charge Four alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

In or about February 1992, the respondent filed divorce papers in Westchester County setting forth that there were no children as a result of his client's marriage. Although the respondent subsequently learned that his client may have had children as a result of the marriage, he failed to withdraw the papers he had filed.

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice by failing to comply with a court order, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

By order dated July 9, 1992, the Supreme Court of the State of New York, Westchester County, directed that the Eldeib matter be transferred to the Supreme Court, Bronx County, pursuant to CPLR 510 (1). Pursuant to the order of transfer, the plaintiff was to serve a copy thereof with notice of entry upon the Westchester County Clerk. During his testimony at the Grievance Committee's offices on October 29, 1992, the respondent admitted that he had not served the Clerk.

Charge Six alleged that the respondent withdrew from employment without taking steps to avoid foreseeable prejudice to the rights of his client, in violation of Code of Professional Responsibility DR 2-110 (A) (2) (22 NYCRR 1200.15 [a] [2]).

The respondent withdrew from employment without serving a copy of that order on the Clerk.

Charge Seven alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent represented Kwakuvi Manigar in an uncontested divorce action. During his testimony at the Grievance Committee's offices on November 25, 1994, the respondent stated that he prepared the divorce papers in June 1993. The respondent testified that these papers were improperly notarized and that he sent a letter to his client informing him of that fact. The respondent did not take any substantial steps to correct these papers until receiving a copy of the Manigar complaint in February 1994. The respondent thereafter notarized the papers which his client and his client's former wife had re-executed. A judgment of divorce dated August 9, 1994 was issued by the court.

Charge Eight alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent represented Wilfredo Martinez in an uncontested divorce. After preparing a summons with notice dated January 8, 1993, the respondent failed to take the necessary steps to conclude this matter.

Charge Nine alleged that the respondent engaged in conduct prejudicial to the administration of justice and conduct which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with an investigation of the Grievance Committee.

In or about January 1995, Wilfredo Martinez filed a complaint alleging, *inter alia,* that the respondent had neglected his uncontested divorce. On January 31, 1995, Grievance Counsel sent a copy of that complaint to the respondent and requested that he submit an answer to the complaint within 10 days. The letter advised that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint. The respondent failed to submit a written answer.

On or about February 17, 1995, a second letter was sent to the respondent, via certified mail, directing him to submit an answer within 10 days. The letter advised that failure to reply constitutes professional misconduct independent of the merits and that failure to respond within the 10-day period might cause the Grievance Committee to move for the respondent's interim suspension, pursuant to 22 NYCRR 691.4. The return receipt indicates a delivery date of February 21, 1995.

In light of the respondent's failure to answer, a third letter was sent to the respondent, via certified mail, on March 14, 1995, which directed him to answer the complaint within five days. The letter advised that failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint and that it might result in a motion for the respondent's immediate suspension. The return receipt indicates a delivery date of March 17, 1995.

On March 20, 1995, Grievance Counsel received an insufficient answer to the complaint from the respondent. On March 21, Grievance Counsel requested that the respondent provide a more detailed answer to the Martinez complaint. On April 5, 1995, Grievance Counsel advised the respondent's attorney that a more detailed response had not been received. By letter of April 6, a letter memorializing these requests was sent to the respondent's attorney. An answer was requested within five days. The return receipt indicates a delivery date of April 10, 1995.

By letter dated May 16, 1995, Grievance Counsel reminded the respondent that it had not yet received a more detailed answer. To date, the Grievance Committee has not received a more detailed answer.

Charge Ten alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent represented Alejandro Martinez in an uncontested divorce. After preparing a summons with notice and a verified complaint dated May 25, 1993, the respondent failed to take the necessary steps to conclude this matter.

Charge Eleven alleged that the respondent engaged in conduct prejudicial to the administration of justice and which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with an investigation of the Grievance Committee.

A complaint was filed by Alejandro Martinez in or about March 1995 alleging, *inter alia*, that the respondent neglected his uncontested divorce matter. On March 14, 1995, Grievance Counsel sent a copy of the complaint to the respondent and requested an answer within 10 days. The letter advised that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint. The respondent failed to submit a written answer.

On April 4, 1995, a second letter was sent to the respondent, via certified mail, directing that he answer the complaint of Alejandro Martinez within 10 days. The letter also advised that failure to reply constitutes professional misconduct independent of the merits of the complaint. The return receipt indicates a delivery date of April 6.

By letter dated April 6, 1995, sent via certified mail, the respondent was directed to answer the Martinez complaint within five days. On April 13, 1995, Grievance Counsel received an insufficient response to that complaint.

On April 13, Grievance Counsel sent a letter to the respondent's attorney requesting a more detailed response within five days. The letter further advised that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint and that failure to cooperate with the lawful demands of the Grievance Committee constitutes grounds for the respondent's immediate suspension from practice.

The respondent's attorney informed Grievance Counsel that his client was attempting to retrieve the matrimonial files relating to the underlying complaints from his former employer, Meltzer & Kanzer. Additionally, the respondent's attorney advised that his client would provide a more detailed answer to these complaints by April 28, 1995. By letter dated May 16, 1995, Grievance Counsel reminded the respondent that the Committee had not yet received a more detailed answer.

By letter dated May 18, 1995, the respondent stated that he could not recall what prevented him from filing the divorce in this action.

Based on the evidence adduced, we conclude that the Special Referee properly sustained Charges One, Two and Four through Eleven and failed to sustain Charge Three. Charge Three is not sustained as drafted. Accordingly, the Grievance Committee's motion is granted except to the extent that it sought to disaffirm the Special Referee's report with respect to Charge Three, and the respondent's cross motion is granted to the extent that the record is sealed with respect to certain evidence tendered on the issue of mitigation and is otherwise denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's acceptance of responsibility for his actions, his expressions of deep remorse, and his relative youth and inexperience at the time of the misconduct. Additionally, the respondent has taken steps to ameliorate his problems and has removed himself from the situation which gave rise to the subject difficulties. Under these particular circumstances, the respondent is publicly censured for his misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that all charges are sustained with the exception of Charge Three; and it is further,

Ordered that the respondent's cross motion is granted solely to the extent that the portion of the record which deals with certain evidence proffered with respect to mitigation is sealed, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Scott Tod Ackerman, is censured for his professional misconduct.