[674 NYS2d 737]

In the Matter of LAWRENCE LIEBERMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 22, 1998

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated September 23, 1996, which contained 14 charges of professional misconduct against him. The Special Referee sustained all 14 charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any papers in response thereto.

Charges One through Ten concern the respondent's handling of the estate of Herbert Ring and matters which came to the Grievance Committee's attention during its investigation of a complaint relating thereto.

Charge One alleged that the respondent converted to his own use funds which were entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). In March 1992 the respondent was retained to act as attorney for the estate of Herbert Ring. On August 17, 1992, the respondent deposited $10,789.82 into his escrow account with Chemical Bank on behalf of the estate. On October 8, 1992, the respondent deposited $20,496.57 on behalf of the estate into the same account. Therefore, between October 8, 1992 and December 10, 1992, the respondent was required to maintain $31,286.39 on deposit in his escrow account on behalf of the estate of Herbert Ring. As of December 10, 1992, the escrow account had been depleted to $1,624.54.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual allegations of Charge One.

Charge Three alleged that the respondent commingled personal funds with moneys entrusted to him as a fiduciary and incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). Between July 1992 and August 1996, the respondent maintained an escrow account with Chemical Bank. During

that period, the respondent deposited into that account both moneys which had been entrusted to him as a fiduciary incident to his practice of law, and funds which he had received as legal fees.

Charge Four alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the factual allegations of Charges One and Three.

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]). By letter dated October 25, 1994, the Grievance Committee provided the respondent with a copy of a complaint from Jill Ring, alleging misconduct in the handling of the estate of her father, Herbert Ring, and requested his written response. The respondent thereafter testified falsely before the Grievance Committee on July 25, 1995 that the estate funds were still on deposit in his escrow account.

Charge Six alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), based on the allegations set forth in Charge Five, and Charge Seven alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the allegations set forth in Charge Five.

Charge Eight alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). In August 1992, Genevieve Johnson was appointed administratrix of the estate of Herbert Ring. As a result of the respondent's neglect, the estate of Herbert Ring was still pending at the time the petition was filed.

Charge Nine alleged that the respondent improperly issued checks from his escrow account payable to cash, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]). In July 1992 the respondent issued two checks from his escrow account which were payable to cash.

Charge Ten alleged that the respondent charged an excessive fee, in violation of Code of Professional Responsibility DR 2-106 (A) (22 NYCRR 1200.11 [a]). The assets of the estate of

Herbert Ring totalled approximately $34,000. In November 1993 the respondent sent a statement to Jill Ring informing her that his fee for handling the estate would be $7,500, approximately 22% of the total assets.

Charges Eleven and Twelve emanate from the respondent's handling of a legal matter for Leika Breicher. In March 1990, the respondent was retained to prosecute a personal injury claim on behalf of Leika Breicher. As a result of his neglect, it was the distributees of the estate of Leika Breicher who finally received the proceeds of the personal injury settlement in June 1996.

Charge Twelve alleged that the respondent failed to timely file a retainer statement with the Office of Court Administration, in violation of 22 NYCRR 691.20 (a). By agreement, the respondent's fee due from Leika Breicher was contingent upon the successful prosecution or settlement of her personal injury claim. The respondent failed to file a retainer statement within 30 days of his retainer.

Charge Thirteen alleged that the respondent failed to timely file a closing statement with the Office of Court Administration, in violation of 22 NYCRR 691.20 (b). In January 1990, the respondent was retained to prosecute a personal injury claim on behalf of Alexander Breicher, with the fee to be contingent upon the successful prosecution or settlement of Mr. Breicher's claim. Although Mr. Breicher's personal injury claim was settled in March 1990, the respondent failed to file a closing statement with the Office of Court Administration within 15 days of his receipt of a portion of the settlement proceeds.

Charge Fourteen alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). In July 1993 the respondent was retained to obtain an uncontested divorce on behalf of Lillie Ann Thompson. In consequence of the respondent's neglect, the divorce was not issued until August 1996.

The respondent submitted a verified answer, dated December 10, 1996, in which he admitted some of the factual allegations but denied that he was guilty of professional misconduct. The respondent asserted that he believed that he was meeting his escrow obligations as long as his available line of credit exceeded the amount required to be held in escrow.

Based upon the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained

all 14 charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's assertions that he never had any intent to defraud, that he returned all money required to be on deposit to his escrow account, and that the estate of Herbert Ring sustained no monetary loss. The respondent has an extensive disciplinary history. In addition to a 1988 Admonition and a 1989 Letter of Caution for failing to promptly and accurately advise a client of the status of a case, the respondent was the subject of three Committee-level sanctions in the early 1990's. He received an Admonition dated November 18, 1991, for aiding a nonlawyer in the unauthorized practice of law, in violation of Code of Professional Responsibility DR 3-101 (22 NYCRR 1200.16), and a Letter of Caution dated September 18, 1992, for failing to directly advise a client of the status of proceedings. On October 12, 1993, the Grievance Committee issued a personally delivered Admonition to the respondent for his continuing pattern of aiding a nonlawyer in the unauthorized practice of law.

In view of the serious nature of the professional misconduct engaged in by the respondent and his extensive disciplinary history, the respondent is disbarred, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lawrence Lieberman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence Lieberman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority,

(3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.