■ Kenneth J. Tibodeau et al., Respondents, v Solomon Abrahams et al., Appellants. [687 NYS2d 696] —In an action to recover damages for breach of contract and legal malpractice, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered April 8, 1998, which, *inter alia*, denied that branch of their motion which was to dismiss the cause of action alleging legal malpractice.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the Supreme Court properly treated their motion as having been made pursuant to CPLR 3211 (a) (7) in view of the arguments presented in the moving papers. The allegations in the complaint, together with the additional evidentiary material presented by the plaintiffs (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633), demonstrate that the plaintiffs have stated a cause of action alleging legal malpractice (*see, Greenwich v Markhoff,* 234 AD2d 112; *see generally, Guggenheimer v Ginzburg,* 43 NY2d 268).

Assuming that the defendants' motion should have been treated as one for summary judgment pursuant to CPLR 3212, they were required to present evidence in admissible form establishing that the plaintiffs were unable to prove any one of the three elements of a legal malpractice cause of action (*see, Purificati v Meyer & Diensenhouse,* 243 AD2d 697). The defendants failed to meet this burden, and, therefore, were not entitled to summary judgment, regardless of the adequacy of the plaintiffs' opposing papers (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

The defendants' contention that the complaint is time-barred is not properly before the Court on this appeal, as the defendants did not move to dismiss the complaint on that ground in the Supreme Court.

The defendants' remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.