■ Patrick McCoy, Respondent, v Noel Tepper, Appellant. [690 NYS2d 678] —In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Dutchess County (Bernhard, J.), dated April 30, 1998, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In January 1991 the plaintiff retained the defendant, a New York attorney, to represent him in a personal injury action. The underlying action arose out of a one-car accident in New Jersey, in which the plaintiff was a passenger in a car owned and operated by New Jersey residents. The plaintiff alleged that the defendant failed to take appropriate action to prosecute the plaintiff's claim before the Statute of Limitations expired in New Jersey, and, as a result, the plaintiff commenced this legal malpractice action.

An attorney is liable in a malpractice action if the plaintiff

can prove that the attorney failed to exercise the skill commonly exercised by an ordinary member of the legal community, that such negligence was the proximate cause of damages, and that "but for" such negligence, the plaintiff would have prevailed in the underlying action (*see, Marshall v Nacht,* 172 AD2d 727). An attorney may be liable for his ignorance of the rules of practice, for his failure to comply with conditions precedent to suit, for his neglect to prosecute or defend an action, or for his failure to conduct adequate legal research (*see, Grago v Robertson,* 49 AD2d 645, 646; *Gardner v Jacon,* 148 AD2d 794).

There are questions of fact as to whether the defendant informed the plaintiff that he was required to retain an attorney from New Jersey in order to timely institute his personal injury action in New Jersey before the Statute of Limitations ran. Therefore, the Supreme Court properly denied the defendant's motion for summary judgment. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.