■ JOHN RAU, Respondent, v DARRELL C. BORENKOFF et al., Appellants. [691 NYS2d 140] —In an action, *inter alia,* to recover damages for legal malpractice, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered May 5, 1998, as denied those branches of their motion which were to dismiss so much of the first cause of action as alleged legal malpractice and negligence, and the second cause of action to recover damages for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were to dismiss so much of the first cause of action as alleged legal malpractice and negligence, and the second cause of action to recover damages for breach of contract are granted, and those portions of the first cause of action and the second cause of action are dismissed.

The plaintiff retained the defendants to represent him in connection with a claim against the Archdiocese of New York. Although the applicable New York Statute of Limitations had already expired when the defendants were retained, they obtained a favorable settlement for him. The plaintiff subsequently commenced this action to recover damages, *inter alia,* for legal malpractice. In his complaint, he alleged, in a conclusory fashion unsupported by any factual allegations, that the defendants negligently advised and coerced him to settle his claim, and that he would have obtained a higher settlement or judgment but for their negligence.

The defendants moved to dismiss the complaint, among other things, for failure to state a cause of action. In opposition to the motion, the plaintiff submitted affidavits asserting that the defendants were negligent in failing to pursue an action that may have been timely in another jurisdiction.

A prima facie case of legal malpractice requires proof of the defendant's negligence, that such negligence was the proximate

cause of the plaintiff's loss, and actual damages (*see, Lauer v Rapp,* 190 AD2d 778, 779). In order to establish the elements of proximate cause and damages, a plaintiff must show that but for the attorney's negligence, he or she would have prevailed on the underlying claim (*see, Raphael v Clune, White & Nelson,* 201 AD2d 549, 550). A settlement of the underlying claim does not preclude a subsequent action for legal malpractice where the settlement was effectively compelled by the mistakes of counsel (*see, Lattimore v Bergman,* 224 AD2d 497; *Wolstencroft v Sassower,* 124 AD2d 582).

Here, the plaintiff alleges these elements in a completely conclusory fashion without any factual support. While a court must deem all factual allegations to be true and afford a plaintiff every favorable inference on a CPLR 3211 (a) (7) motion to dismiss (*see, Guggenheimer v Ginzburg,* 43 NY2d 268), the plaintiff failed to allege any facts in his complaint which could be deemed true, and there are no inferences to be drawn. Although affidavits may be considered to remedy defects in a complaint (*see, Guggenheimer v Ginzburg, supra; Rovello v Orofino Realty Co.,* 40 NY2d 633), the affidavits submitted by the plaintiff are similarly devoid of specific facts and only confirm that he has no cause of action against the defendants.

The complaint and the affidavits fail to allege any facts tending to show that, had he not settled, the plaintiff could have timely sued in another jurisdiction, that another forum would have had personal jurisdiction over the Archdiocese, or that he would have prevailed in his action. Consequently, the Supreme Court erred in failing to dismiss the complaint in its entirety (*see, Weiner v Hershman & Leicher,* 248 AD2d 193; *Lauer v Rapp, supra*). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.