■ RICHARD IPPOLITO, Respondent, v MCCORMACK, DAMIANI, LOWE & MELLON, Appellants. [696 NYS2d 203] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Rockland County (Nicolai, J.), dated October 30, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was allegedly injured in an altercation that took place in a bar. The plaintiff retained the defendants to commence an action against the bar owner, but the defendants did not do so before the Statute of Limitations expired. The plaintiff thereupon commenced the instant action against the defendants to recover damages for legal malpractice.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see, Iannarone v Gramer,* 256 AD2d 443; *Volpe v Canfield,* 237 AD2d 282). For a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the these essential elements of a malpractice cause of action (*see, Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572). Here the defendants submitted testimony from the plaintiff's examination before trial which made a prima facie showing that the plaintiff would not have been successful in an action against the bar owner, since the altercation which caused the plaintiff's injury was unforeseeable on the part of the bar owner (*see, Elba v Billie's 1890 Saloon,* 227 AD2d 438). In response, the plaintiff failed to come forward with admissible evidence to create an issue of fact that the altercation was foreseeable. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.