■ BARBRO SHOPSIN, Respondent, v SIBEN & SIBEN, ESQS., et al., Appellants. [702 NYS2d 610] —In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 2, 1998, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

An attorney may be liable for malpractice where there is proof that he or she failed to exercise the skill commonly exercised by an ordinary member of the legal community, and that but for such negligence, the plaintiff would have prevailed in the underlying action (*see, McCoy v Tepper,* 261 AD2d 592; *Marshall v Nact,* 172 AD2d 727). A prima facie case requires proof of the defendant's negligence, that such negligence was the proximate cause of the plaintiff's loss, and actual damages (*see, Rau v Borenkoff,* 262 AD2d 388). For a defendant in a legal malpractice action to succeed on a motion for summary judgment, evidence must be submitted in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements (*see, Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303; *Tibodeau v Abrahams,* 260 AD2d 367).

The defendants failed to sustain their burden of demonstrating that the plaintiff is unable to prove one of the essential elements of a malpractice claim. "An attorney may be liable for his ignorance of the rules of practice, for his failure to comply with conditions precedent to suit, for his neglect to prosecute or defend an action, or for his failure to conduct adequate legal research" (*McCoy v Tepper, supra,* at 593). The plaintiff claims that the defendants did not perform adequate legal research, which resulted in their failure to raise the issue of whether a deed involved in the underlying litigation was intended to operate as a mortgage rather than as an absolute conveyance of the plaintiff's interest in the subject property (*see,* Real Property Law § 320; *Gioia v Gioia,* 234 AD2d 588; *Basile v Erhal Hold-*

*ing Corp.,* 148 AD2d 484). Contrary to their contention, the defendants did not establish, as a matter of law, that their failure to raise that issue in the underlying litigation was not negligent. Moreover, an issue of fact is presented as to whether the defendants' failure to raise this issue was a proximate cause of the plaintiff's loss. Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.