■ ANN E. SUYDAM, Respondent, v THOMAS J. O'NEILL, Appellant. [714 NYS2d 686] —In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Dutchess County (Nicolai, J.), dated September 21, 1999, which denied his motion for partial summary judg-

ment dismissing so much of the complaint as is based on his alleged failure to submit posttrial proposed findings of fact.

Ordered that the order is affirmed, with costs.

The defendant represented the plaintiff in a matrimonial action which was conducted over a span of eight months and consisted of 16 trial sessions. The Judicial Hearing Officer directed both parties to submit posttrial memoranda consisting of proposed findings of fact and conclusions of law. The defendant failed to do so. In his findings of fact, the Judicial Hearing Officer commented on that failure, and ultimately awarded the plaintiff's husband 66% of the assets accumulated during the course of the marriage. That determination was essentially identical to the proposed findings submitted by the attorney for the plaintiff's husband. The plaintiff's appeal was transferred to the Appellate Division, Third Department, which modified the Supreme Court's judgment and directed that the assets be distributed equally (see, Suydam v Suydam, 203 AD2d 806). The plaintiff commenced the instant action to recover the costs and expenses she incurred on the appeal.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise that degree of skill commonly possessed by a member of the legal community, and that but for such negligence, the plaintiff would have prevailed in the underlying action (see, Shopsin v Siben & Siben, 268 AD2d 578; McCoy v Tepper, 261 AD2d 592). On a motion for summary judgment to dismiss the action, a defendant must proffer admissible evidence establishing that the plaintiff is unable to prove at least one of the essential elements of his or her case (see, Shopsin v Siben & Siben, supra; Tibodeau v Abrahams, 260 AD2d 367).

Here, the defendant failed to offer sufficient evidence to establish that the plaintiff would not have received a more favorable distribution of assets even had he submitted a posttrial memorandum. Therefore, the motion for summary judgment was properly denied. S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.