■ DARRYL BRIGGS, Appellant, v CHARLES BERKMAN, Respondent. [726 NYS2d 690] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 10, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The defendant, Charles Berkman, represented the plaintiff, Darryl Briggs, in an action to recover damages against the New York City Housing Authority (hereinafter the NYCHA)

and the City of New York (hereinafter the City) for personal injuries sustained when Briggs was shot in the elevator of an apartment building. After the NYCHA and the City were each granted summary judgment dismissing the complaint insofar as asserted against them in that action, Briggs commenced this action against Berkman to recover damages for legal malpractice.

"To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care" (*Iannarone v Gramer,* 256 AD2d 443, 444; *see, Rau v Borenkoff,* 262 AD2d 388; *McCoy v Tepper,* 261 AD2d 592). On a motion for summary judgment dismissing an action to recover damages for legal malpractice, the defendant attorney must submit evidence in admissible form establishing that the plaintiff is unable to prove at least one of these elements (*see, Shopsin v Siben & Siben,* 268 AD2d 578; *Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303).

In support of his motion for summary judgment, Berkman established, prima facie, that he exercised the requisite degree of care, skill, and diligence in pursuing Briggs's underlying tort action and that, in any event, Briggs would not have prevailed in that action. With respect to his claims against the NYCHA, Briggs was required to demonstrate that it was likely that his assailant was an intruder who gained access to the building through a negligently-maintained entrance (*see, Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 551). The Supreme Court dismissed the claims against the NYCHA on the ground that the evidence, including Briggs's deposition testimony, was too speculative to establish that the assailant gained entry due to the negligence of the NYCHA. The Supreme Court dismissed the claims against the City because it had only a general duty to provide police protection to Briggs, and the elements of a special relationship were not established (*see, Cuffy v City of New York,* 69 NY2d 255).

In opposition to Berkman's motion, Briggs failed to present evidence sufficient to raise a triable issue of fact as to whether Berkman failed to diligently pursue his underlying tort action, or that Berkman's alleged malpractice, rather than the inherent weakness of his claims, caused the dismissal of that action. Accordingly, Berkman was entitled to summary judgment dismissing the complaint.

Briggs's remaining contentions are without merit. O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.