■ RICHARD SICILIANO et al., Appellants, v FORCHELLI & FORCHELLI et al., Respondents. [793 NYS2d 102]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated June 6, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the first, third, and fourth causes of action to recover damages for legal malpractice insofar as asserted by the plaintiff Richard Siciliano, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the first, third, and fourth causes of action insofar as asserted by the plaintiff Richard Siciliano are reinstated.

The plaintiffs commenced this action against the defendants alleging, inter alia, legal malpractice arising from the defendant's negligence in their representation of the plaintiffs in two nonpayment eviction proceedings. The eviction proceedings were brought against the corporate plaintiffs for their voluntary refusal to pay rent and against the plaintiff Richard Siciliano, in his alleged capacity as guarantor. In the instant action, the plaintiffs contend, inter alia, that the defendants' failure to interpose any answers or assert any defenses on their behalf resulted in the entry of judgments against them and the eviction of the corporate plaintiffs from the subject premises. In addition, the plaintiffs maintain that the plaintiff Siciliano did not, in fact, guarantee either of the two leases at issue, and that the defendants' failure to assert his lack of personal liability proximately resulted in the improper entry of judgments against him. The defendants moved for summary judgment. The motion was granted and the complaint was dismissed in its entirety. We modify.

The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the first, third, and fifth causes of action to recover damages for legal malpractice insofar as asserted by the corporate plaintiffs. In order to succeed in an action to recover damages for legal malpractice, a plaintiff must ultimately prove, inter alia, that but for the defendant's negligence, he or she would have prevailed in the underlying action or would not have sustained any damages (*see Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *Ashton v Scotman*, 260 AD2d 332 [1999]). On their motion for summary judgment dismissing the complaint, the defendants met their prima facie burden by demonstrating that the corporate plaintiffs were unable to prove this essential element of a malpractice cause of action (*see Ashton v Scotman, supra*). The burden then shifted to the corporate plaintiffs to establish the existence of an issue of fact requiring a trial (*see Schadoff v Russ*, 278 AD2d 222, 223 [2000]; *Wilkerson v*

*Buonomo & Thaler*, 199 AD2d 260 [1993]). Although the corporate plaintiffs speculated as to how losses may have shifted had the defendants appeared in court or interposed an answer on their behalf, including potentially procuring a rent abatement for them, mere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice (*see Giambrone v Bank of N.Y.*, 253 AD2d 786 [1998]; *Luniewski v Zeitlin*, 188 AD2d 642 [1992]). Thus, the corporate plaintiffs, in opposition, failed to raise a triable issue of fact (*see Crawford v McBride*, 303 AD2d 442 [2003]; *Pirro & Monsell, P.C. v Freddolino*, 204 AD2d 613 [1994]).

However, the Supreme Court erroneously granted summary judgment dismissing the first, third, and fourth causes of action insofar as asserted by the plaintiff Siciliano, individually, for legal malpractice. The defendants failed to sustain their prima facie burden of demonstrating that Siciliano was unable to prove one of the essential elements of his malpractice claim (*see Suydam v O'Neill*, 276 AD2d 549 [2000]; *Shopsin v Siben & Siben*, 268 AD2d 578 [2000]). In any event, a triable issue of fact was presented as to whether the defendants' failure to assert a defense on Siciliano's behalf was the proximate cause of Siciliano's loss (*see Shopsin v Siben & Siben, supra*; *Budget Installment Corp. v Levy, Ehrlich & Kronenberg*, 259 AD2d 649 [1999]). Where a "document [is] executed by [an] individual . . . in his corporate capacity, [it] cannot form a basis for personal liability upon him" (*Gold v Royal Cigar Co.*, 105 AD2d 831, 832 [1984]; *see Gottehrer v Viet-Hoa Co.*, 170 AD2d 648 [1991]). Although it is clear from the submitted leases that Siciliano executed the leases as an officer of the corporate plaintiffs and did not personally guarantee either lease, the defendants failed to interpose an answer or appear in court to assert Siciliano's lack of personal liability. Accordingly, the Supreme Court erroneously granted the defendants' motion with respect to the first, third, and fourth causes of action insofar as asserted by Siciliano (*see Shopsin v Siben & Siben, supra*). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.