■ Louis Barbieri, Respondent, v Gary Fishoff, Appellant. [950 NYS2d 384]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated July 1, 2011, as denied that branch of his motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice is granted.

The plaintiff hired the defendant attorney on the eve of trial to represent him in an adversary proceeding in bankruptcy court, in which the plaintiff contended that his signature on a certain real estate document was forged. At the time he hired the defendant, the plaintiff had already submitted a pretrial statement to the bankruptcy court indicating that he did not intend to call any expert witnesses at trial. At the ensuing trial, the defendant did not adduce evidence from a handwriting expert. The bankruptcy court subsequently found against the plaintiff, and the plaintiff then commenced this action alleging, inter alia, that the defendant's failure to call a handwriting expert at the trial constituted legal malpractice. The defendant moved, among other things, for summary judgment dismissing the cause of action to recover damages for legal malpractice, and the Supreme Court denied that branch of the motion.

To succeed in an action to recover damages for legal malpractice, a plaintiff must ultimately prove, among other things, that but for the defendant's negligence, he or she would have prevailed in the underlying action or would not have sustained any damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Kluczka v Lecci*, 63 AD3d 796, 797 [2009]). In opposition to the defendant's prima facie showing on this essential element of a legal malpractice cause of action (*see Siciliano v Forchelli & Forchelli*, 17 AD3d 343, 345 [2005]), the plaintiff failed to raise a triable issue of fact requiring a trial (*see Schadoff v Russ*, 278 AD2d 222, 223 [2000]). The plaintiff presented an affidavit of a legal expert, who merely presented a speculative and conclusory opinion that the bankruptcy court might have exercised its discretion on the eve of trial to permit a handwriting expert to testify, despite the plaintiff's indication in his pretrial statement that he did not intend to call any expert witnesses (*see* Fed Rules Civ Pro rule 26 [a] [2] [D]; rule 37 [c]; *see also* Fed Rules Bankr Pro rule 7026; *Design Strategy, Inc. v Davis*, 469 F3d 284, 297-298

[2006]). "[M]ere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice" (*Siciliano v Forchelli & Forchelli*, 17 AD3d at 345; *see Luniewski v Zeitlin*, 188 AD2d 642 [1992]; *Marshall v Nacht*, 172 AD2d 727 [1991]). Thus, the plaintiff, in opposition, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice (*see Crawford v McBride*, 303 AD2d 442 [2003]; *Pirro & Monsell v Freddolino*, 204 AD2d 613 [1994]). Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.